UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

GUADALUPE STEVEN MENDEZ ]
    Petitioner, ]
]
v. ] No. 2:07-0041
] Judge Campbell
GLEN TURNER, WARDEN ]
    Respondent. ]

M E M O R A N D U M

The petitioner, proceeding *pro se*, is an inmate at the Hardeman County Correctional Facility in Whiteville, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against Glen Turner, Warden of the prison, seeking a writ of habeas corpus.

On November 20, 2001, a jury in Cumberland County found the petitioner guilty of aggravated rape and the especially aggravated sexual exploitation of a minor. For these crimes, he received an effective sentence of twenty four (24) years in prison, to run consecutively with a life sentence he was already serving for murder. Docket Entry No. 16; Addendum No. 1 at pgs. 40-41. On direct appeal, the Tennessee Court of Criminal Appeals affirmed the convictions. Docket Entry No. 15; Attachment No. 3. The Tennessee Supreme Court later denied the petitioner's application for further review. Docket Entry No. 15; Attachment No. 6.

In October, 2004, a *pro se* petition for post-conviction relief was filed in the Criminal Court of Cumberland County. Docket Entry No. 15; Attachment No. 7. Following the appointment of counsel, the filing of an amended post-conviction petition and an evidentiary hearing, the trial court

1

denied the petition. Docket Entry No. 17; Addendum No. 1 at pgs. 33-38. On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. Docket Entry No. 15; Attachment No. 10. No further review was sought from the state's highest court.

On March 29, 2007, the petitioner filed the instant petition (Docket Entry No. 4-2) for federal habeas corpus relief in the District Court for the Western District of Tennessee.[1] By an order entered July 2, 2007 (Docket Entry No. 4-6), the case was transferred to this judicial district.

In the petition, the petitioner alleges that his convictions are invalid. More specifically, he asserts that

> 1) the evidence was insufficient to support the convictions;
>
> 2) trial counsel was ineffective because he neglected to file any pre-trial motions and did not challenge the excessiveness of the sentences[2]; and
>
> 3) the sentences were excessive.

The Court conducted a preliminary review of the petition and determined that the petitioner had stated a colorable claim for relief. Accordingly, an order (Docket Entry No. 5) was entered directing the respondent to file an answer, plead or otherwise respond to the petition. Rule 4, Rules - - § 2254 Cases.

---

[1] A pleading from a prisoner is considered filed on the date that it was given to prison officials for posting. Houston v. Lack, 108 S.Ct. 2379 (1988). Thus, even though the petition was stamped by the Clerk's Office as being filed on April 5, 2007, the petition is actually considered filed, for the purpose of determining timeliness, on March 29, 2007, the date that it was signed and given to prison officials for posting. *See* Docket Entry No. 4-2 at pg. 14.

[2] At trial, the petitioner was represented by Joe Finley, an Assistant Public Defender for Cumberland County.

Presently pending before the Court is the respondent's Motion to Dismiss (Docket Entry No. 15), in which it is alleged that this action is untimely. The petitioner has offered no reply in opposition to the respondent's motion. Having carefully considered the petition, respondent's Motion to Dismiss and the record as expanded, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the court shall dispose of the petition as the law and justice require. Rule 8, Rules - - § 2254 Cases.

In April, 1996, the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (1996), was signed into law. This legislation made various changes to 28 U.S.C. § 2254 and other federal habeas corpus statutes. Among those changes was the addition of a one year period of limitation placed on the filing of § 2254 petitions. Thus, a prisoner in custody pursuant to the judgment of a state court has one year from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" in which to file his petition for federal habeas corpus relief. 28 U.S.C. § 2244(d)(1)(A).[3] The time for seeking direct review has been held to include the ninety (90) day period during which a criminal defendant can petition the United States Supreme Court for a writ of certiorari. Isham v. Randle, 226 F.3d 691, 695 (6th Cir. 2000).

The petitioner was found guilty on November 20, 2001. Direct appeal of the convictions was concluded in the state courts on January 26, 2004, the day that the Tennessee Supreme Court denied

---

[3] 28 U.S.C. § 2244(d) actually provides that the limitation period begins to run from the latest of four dates, one of which is the date the judgment became final. The other three potential dates do not apply in this case.

3

petitioner's application for further review. Docket Entry No. 15; Attachment No. 6. For the purpose of determining timeliness, the petitioner's convictions became final ninety days later, or on April 25, 2004, when he was no longer able to petition for a writ of certiorari.[4]

After one hundred sixty five (165) days had passed, the petitioner filed a *pro se* petition for state post-conviction relief.[5] The filing of the petition for state post-conviction relief had the effect of tolling the one year limitation period for as long as petitioner's post-conviction proceedings remained pending in the state courts. 28 U.S.C. § 2244(d)(2). The post-conviction proceedings were concluded in the state courts on June 30, 2006, the day the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. Docket Entry No. 15; Attachment No. 10. The petitioner then had two hundred days (365 days -165 days), or until January 16, 2007, in which to initiate the instant action.[6] Scott v. Collins, 286 F.3d 923, 926 (6th Cir. 2002)(limitation period resumes at the point where it was tolled rather than starting anew). This action was not filed until March 29, 2007, seventy two (72) days after the limitation period had already expired. Therefore, this action is untimely.

The period of limitation, though, does not act as a jurisdictional bar. Accordingly, the one year limitation period is subject to equitable tolling in appropriate circumstances. Dunlap v. United

---

[4] The ninety day period is calculated as follows : 1/27/04 - 1/31/04 = 5 days + 2/04 = 29 days + 3/04 = 31 days + 4/1/04 - 4/25/04 = 25 days.

[5] The judgment became final on April 25, 2004. The post-conviction petition was given to prison officials for mailing on October 7, 2004. Docket Entry No. 15; Attachment No. 7 at pg. 11. April 26, 2004 through October 7, 2004 is 165 days (4/26 - 4/30 = 5 days + 5/04 = 31 days + 6/04 = 30 days + 7/04 = 31 days + 8/04 = 31 days + 9/04 = 30 days + 10/1 - 10/7/04 = 7 days).

[6] The two hundred days are calculated as follows : 7/06 = 31 days + 8/06 = 31 days + 9/06 = 30 days + 10/06 = 31 days + 11/30 = 30 days + 12/06 = 31 days + 1/1 - 1/16/07 = 16 days.

4

States, 250 F.3d 1001, 1004 (6th Cir.), cert denied, 534 U.S. 1057 (2001). The doctrine of equitable tolling, however, should be applied sparingly. Id., at pg. 1008. The petitioner bears the burden of showing that he is entitled to an equitable tolling of the limitation period. Griffin v. Rogers, 308 F.3d 647, 653 (6th Cir. 2002). In this regard, there is nothing in the record to explain why the petitioner failed to file his habeas corpus petitioner within the limitation period. He has alleged no external force or influence that prevented him from filing his petition within the limitation period. Consequently, the limitation period was not equitably tolled so as to allow the untimely filing of this action.

Having carefully reviewed the pleadings and the record, the Court finds that this action is untimely. Accordingly, respondent's Motion to Dismiss (Docket Entry No. 15) has merit and will be granted. Rule 8(a), Rules - - § 2254 Cases.

An appropriate order will be entered.

*Todd Campbell*
Todd Campbell
United States District Judge